SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA
                                                              x
VEMITA VEERASAWMY and
THAMASHWAR VEERASAWMY,

                                      Plaintiffs,

        *-against-*

THE CITY OF NIAGARA FALLS and
THE NIAGARA FALLS POLICE DEPARTMENT,

                                      Defendants.
                                                              x

Index No:
Date Purchased:

**SUMMONS**

Plaintiff designates Niagara County as the place of trial.
The basis of venue is: Defendants' place of business:
745 Main Street
Niagara Falls, NY 14305

*To the above-named Defendants:*

    *You are hereby summoned* to answer the verified complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Mineola, New York
         January 15, 2026

                                                    LLOYD NADEL, PLLC
                                                    *Attorney for Plaintiffs*
                                                    **VEMITA VEERASAWMY and**
                                                    **THAMASHWAR VEERASAWMY**
                                                    170 Old Country Road, Suite 600
                                                    Mineola, New York 11501
                                                    (516) 877-2200
                                                    LNADEL@NADELAW.COM

**The nature of this action is negligence. The relief sought is money damages.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA
------------------------------------------x
VEMITA VEERASAWMY and
THAMASHWAR VEERASAWMY,

                         Plaintiffs,

        - against -                  **VERIFIED COMPLAINT**

THE CITY OF NIAGARA FALLS and    Index No.:
THE NIAGARA FALLS POLICE DEPARTMENT,

                         Defendants.
------------------------------------------x

       Plaintiffs, VEMITA VEERASAWMY and THAMASHWAR VEERASAWMY, by their attorney, LLOYD J. NADEL, ESQ., as and for their complaint against defendants, hereby allege as follows:

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF BOTH PLAINTIFFS AGAINST BOTH DEFENDANTS

       FIRST: At all times hereinafter mentioned, plaintiffs were individuals, residents of Queens County, residing at 187-43 Mangin Avenue, Saint Albans, County of Queens, City and State of New York.

       SECOND: At all times hereinafter mentioned, Defendant THE CITY OF NIAGARA FALLS (hereinafter referred to as "CITY"), was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

       THIRD: At all times hereinafter mentioned, defendant THE NIAGARA FALLS POLICE DEPARTMENT, (hereinafter referred to as "POLICE DEPARTMENT"), was and still is a governmental entity, owned, operated and controlled by Defendant CITY, and operating under the laws of the City of Niagara Falls and the State of New

EXHIBIT A - 000002

York.

FOURTH: At all times hereinafter mentioned, defendants employed police officers to carry out the duties of law enforcement within the County of Niagara who were tasked with the responsibilities of arresting and prosecuting individuals accused of violating the laws of the State of New York and various other municipalities located within the County of Niagara.

FIFTH: At all times hereinafter mentioned, defendant's police officers acted within the scope of their employment, under color of law and in the execution of laws, rules, policies, statements, regulations, ordinances and/or decisions officially adopted and promulgated by defendants.

SIXTH: Prior to the commencement of this action and within ninety (90) days of the happening of the within incident, plaintiffs served a Notice of Claim, in writing, upon Defendant CITY pursuant to General Municipal Law §50.

SEVENTH: Prior to commencement of the within action, plaintiffs served upon Defendant CITY a Notice of Intention to Commence an Action unless the claim presented to the said defendant was adjusted within the time prescribed by law.

EIGHTH: Although more than thirty (30) days have elapsed since the service of said Notice of Claim and Notice of Intention to Commence Action, Defendant CITY has failed, neglected and refused to pay said claim or adjust said claim.

NINTH: This action is commenced within the time prescribed by law for the commencement of such lawsuits.

TENTH: Defendant CITY waived a hearing pursuant to General Municipal Law §50-h.

ELEVENTH: This Court has subject matter jurisdiction over this action pursuant to NYS CONSTITUTION ARTICLE VI, §7, because this action involves claims for false arrests, unlawful detention and malicious prosecution in violation of defendant's constitutional rights that fall with the Court's general jurisdiction of law and equity.

TWELFTH: This Court has personal jurisdiction over the City of Niagara Falls and the Niagara Falls Police Department as they are governmental entities operating within the State of New York and County of Niagara.

THIRTEENTH: This Court is a proper venue for this case pursuant to CPLR §504 as this case is brought against a local police department and brought in the County in which the department is situated.

FOURTEENTH: On or about March 23, 2025, plaintiffs were charged in Queens County, New York with endangering the welfare of a minor and attempted assault third degree. On March 24, 2025, plaintiffs appeared in the Criminal Court of the City of New York, Queens County, and were arraigned upon Criminal Court informations. Both plaintiffs pleaded not guilty, were released on their own custody and were issued temporary orders of protection that ordered them to "refrain from assault, stalking, harassment, aggregated harassment, menacing, reckless endangerment, disorderly conduct,

criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, or any offense against the other plaintiff as well as against their child in common, AIDEN VEERASAWMY. A copy of the "limited" or "refrain from" order of protection issued against Plaintiff VEMITA VEERASAWMY (hereinafter referred to as "VEMITA") under Criminal Court Docket No.: CR-011348-25QN is annexed hereto as **Exhibit "A"**.

FIFTEENTH: On or about June 22, 2025, between the hours of 12:00 noon and 1:00 p.m., plaintiffs along with their son AIDEN were traveling in a motor vehicle crossing from Ontario, Canada into Niagara Falls, New York. The vehicle was stopped by immigration authorities who scanned all of the passports and mistakenly believed that plaintiff VEMITA had a "stay away" or "full" order of protection requiring her to stay away from her husband and her son who were also in the vehicle. Immigration authorities also scanned the passport of Plaintiff THAMASHWAR VEERASAWMY (hereinafter referred to as "THAMASHWAR") and determined that he had a "limited" or "do not harass" order of protection in favor of his wife and son who were in the vehicle.

SIXTEENTH: Immigration authorities held plaintiff VEMITA in custody and called the Niagara Falls Police Department to investigate the matter further. At approximately at 1:30 p.m., members of the defendant police department appeared at the immigration facility, arrested plaintiff VEMITA and brought her to their headquarters.

SEVENTEENTH: At the defendant police department, commencing at approximately 1:30 p.m., defendants' police officers failed to investigate the allegation that Plaintiff VEMITA had a "limited" order for the benefit of her husband and son and/or failed to looked into the NCIS System and mistakenly concluded that said plaintiff had a "full" or "stay away" order protection prohibiting her from being in the presence of her husband and son.

EIGHTEENTH: Plaintiff VEMITA informed the defendant police department numerous times that her "limited" order was not a "full" or "stay away" order.

NINETEENTH: Plaintiff VEMITA's attorney on the criminal case in Queens County, New York, contacted Defendant POLICE DEPARTMENT on several occasions that day and evening and also informed defendants that the Order of Protection entered into the nationwide computer system was "limited" which allowed said plaintiff to be with her husband and son as long as she did not commit enumerated criminal and non-criminal acts against them. Said attorney asked police personnel if he should email or fax the Order of Protection to them and was told "no".

TWENTIETH: Plaintiff VEMITA was arrested and detained by the defendant police department without probable cause or reasonable suspicion and contrary to what defendants' police officers were informed by not only said plaintiff and her attorney, but contrary to what was clearly stated on the order of protection legally issued by the Criminal Court of the City of New York and properly uploaded into the NCIS database.

5

TWENTY-FIRST: Said action including detention of plaintiff VEMITA was contrary to the action taken by said defendants regarding Plaintiff THAMASHAR whose identically drafted Order of Protection was also uploaded into the NCIS computer system.

TWENTY-SECOND: Plaintiff VEMITA was held in custody by defendants without probable cause or reasonable suspicion of committing a crime. Defendants placed said plaintiff under arrest without a warrant and without probable cause to believe that plaintiff had committed any crime. Plaintiff VEMITA was detained at the Niagara Falls police precinct until approximately 9:00 a.m. the following morning, approximately 21 hours, at which time she was transported, in handcuffs, to the Niagara Falls City Court.

TWENTY-THIRD: Plaintiff VEMITA did not consent to this confinement and was not free to leave during this period of detention.

TWENTY-FOURTH: On the following day, June 23, 2025, at approximately 10:00 a.m., said plaintiff appeared in the Niagara Falls City Court and was released when charges of criminal contempt in the second degree, a violation of Penal Law §215.50(3), were dismissed.

TWENTY-FIFTH: As a result of the false arrest and unlawful detention by defendants, Plaintiff VEMITA suffered physical injuries, psychological injuries, emotional distress, lost wages, damage to her reputation and other damages.

TWENTY-SIXTH: As a result of suffering said injuries, Plaintiff VEMITA was required to seek medical, psychiatric, psychological and other treatments and will require continued and constant treatments in the future. Plaintiff also incurred lost wages and other economic damages.

TWENTY-SEVENTH: The injuries suffered by the plaintiff are of a permanent nature.

TWENTY-EIGHTH: The damages suffered by plaintiff VEMITA exceed the jurisdiction of all courts of limited jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VEMITA AGAINST BOTH DEFENDANTS**

TWENTY-NINTH: Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs FIRST through TWENTY-EIGHTH of the within Complaint as if same where more fully set forth at length herein.

THIRTIETH: Defendants, through their officers, acting under color of state law, deprived plaintiff VEMITA of rights secured under the Constitution and Laws of the United States and the State of New York.

THIRTY-FIRST: The officers were acting in their official capacity as police officers employed by defendant police department when they arrested and detained plaintiff VEMITA. Defendants' police officers violated Plaintiff VEMITA's Fourth Amendment right to be free from unreasonable searches and seizures. The officers arrested said plaintiff without probable cause and detained

7

plaintiff without legal justification, in violation of the Fourth Amendment of the United States Constitution, as well as the Constitution and laws of the State of New York. Said defendants detained plaintiff for a period of twenty-two (22) hours, due to their lack of diligence in failing to properly read the Order of Protection in effect against this plaintiff at that time, and disregarding the verbal insistence by plaintiffs, plaintiff VEMITA'S attorney and common sense. Defendants CITY and POLICE DEPARTMENT are liable for constitutional violations committed by their officers because these violations are the result of the police department's official policies, customs or practices.

THIRTY-SECOND: Defendants are also liable for constitutional violations due to their failure to properly supervise and oversee actions of their police officers acting in violation thereto.

THIRTY-THIRD: As a direct and proximate result of defendants' actions, plaintiff suffered damages including but not limited to physical injuries, emotional distress, loss of liberty, humiliation, damage to reputation and lost wages. The injuries suffered by plaintiff are of a permanent and lasting nature.

THIRTY-FOURTH: As a result of suffering said injuries, said plaintiff has been required to seek medical, psychiatric, psychological and other treatment and will require continued and constant treatment in the future.

8

EXHIBIT A - 000009

THIRTY-FIFTH: Plaintiff has been damaged in an amount that exceeds the jurisdiction of all courts of limited jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF VEMITA AGAINST BOTH DEFENDANTS

THIRTY-SIXTH: Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbers FIRST through THIRTY-FIFTH of the within Complaint as if same were more fully set forth at length herein.

THIRTY-SEVENTH: Defendants had an employer/employee relationship with the officers who arrested and detained plaintiff.

THIRTY-EIGHTH: The officers employed by defendants' police department were acting within the scope of their employment when they arrested and detained plaintiff.

THIRTY-NINTH: Said officers, acting within the scope of their employment, had a duty to properly investigate the Order of Protection uploaded into the NCIS system and to act pursuant to the authority of the Court's Order of Protection.

FORTIETH: Said officers also had a duty to listen to and properly investigate statements made by both plaintiffs as well as Plaintiff VEMITA'S attorney and use common sense prior to detaining Plaintiff VEMITA and depriving her of her freedom and other constitutionally protected rights.

FORTY-FIRST: The false arrest and unlawful detention

9

occurred while the officers were on duty using departmental resources and equipment.

FORTY-SECOND: The officers used department-issued handcuffs, vehicles and facilities to unlawfully arrest and detain said plaintiff.

FORTY-THIRD: Defendants' negligence in training and supervising its officers was a substantial factor in causing plaintiff's said injuries. Defendants failed to properly train its officers on probable cause requirements for arrest, legal standards for detention, the process by which to differentiate between Orders of Protection, the effects of a "limited" or "do not harass" Order of Protection and other basic requirements of following Court orders.

FORTY-FOURTH: Defendants failed to properly supervise its officers to insure compliance with constitutional and other legal requirements for legal arrests.

FORTY-FIFTH: Said officers, acting within the scope of their employment, had a duty to properly investigate the Orders of Protection filed within the NCIS system and act pursuant to the authority of the Order of Protection.

FORTY-SIXTH: Said officers also had a duty listen to and properly investigate statements made by both plaintiffs as well as Plaintiff VEMITA'S attorney and to use common sense prior to detaining Plaintiff VEMITA and depriving her of her freedom and other constitutionally protected rights.

NYSCEF DOC. NO. 1   Case 1:26-cv-00405   Document 1-1   Filed 03/06/26   Page 12 of 17   RECEIVED NYSCEF: 01/22/2026

FORTY-SEVENTH: As a direct and approximate result of defendants' negligence, Plaintiff VEMITA suffered damages, including physical injuries, emotional distress, loss of liberty, humiliation, damage to reputation and lost wages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### IN FAVOR OF PLAINTIFF THAMASHWAR AGAINST BOTH DEFENDANTS

FORTY-EIGHTH: Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "FIRST" through "FORTY-SEVENTH" inclusive of this complaint with the same force and effect as if the same were more fully and completely set forth herein at length.

FORTY-NINTH: That at all times hereinafter mentioned, this plaintiff was and still is the lawfully wedded husband of the Plaintiff VEMITA herein who at all times herein mentioned resided and still resides with this plaintiff.

FIFTIETH: By reason of the aforesaid, this plaintiff's said wife was rendered medically and psychologically sick and disabled and her injuries, upon information and belief, are of a permanent character. By reason thereof, he has been prevented and deprived of the services, companionship, society and consortium of his said wife and has been obligated to incur expenses and obligations for medical and psychological care and attendance upon her and is informed and verily believes that he will, in the future, be further deprived of the services, companionship, society and consortium of his said wife as well as incur further expenses

and obligations for medical, psychological and therapeutic care and attendance upon her.

FIFTY-FIRST: By reason of the foregoing, Plaintiff THAMASHWAR has been damaged in an amount that exceeds the jurisdiction of all courts of limited jurisdiction.

WHEREFORE, plaintiffs demand judgment against the defendants for both compensatory and punitive damages in an amount that exceeds the jurisdiction of all courts of limited jurisdiction, together with the costs and disbursements of this action.

Dated: Mineola, New York
January 15, 2026

LLOYD J. NADEL, ESQ.
Attorney for Plaintiff
170 Old Country Road
Mineola, New York  11501
(516) 877-2200
Email: LNADEL@NADELAW.COM

**EXHIBIT A**

EXHIBIT A - 000014

ORI No.: NY040033J
Order No.: ___
NYSID No.: 12190972H
CJTN No.: ___

At a term of the ~~CRIMINAL~~ Court, County, State of New York
at the Courthouse at Kew Gardens

**ORDER OF PROTECTION**
Family Offense-C.P.L. 530.12

PRESENT: Hon. M. T. Gonzalez

☐ Youthful Offender (check if applicable)
Part: AP3
Indictment No., if any: ___
Charges: PL 110/120
(check one) ☐ Ex parte ☒ Defendant Present in Court
Index/Docket No.: CR-01/348-25CV

PEOPLE OF THE STATE OF NEW YORK

-against-

VEMITA VEERASAWMY, Defendant

Date of Birth: 08/21/1984

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.

THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT, THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER

☒ TEMPORARY ORDER OF PROTECTION - Whereas good cause has been shown for the issuance of a temporary order of protection
[as a condition of ☒ recognizance ☐ release on bail ☐ adjournment in contemplation of dismissal] ___

☐ ORDER OF PROTECTION - Whereas defendant has been convicted of [specify crime or violation]: ___
And the Court having made a determination in accordance with section 530.12 of the Criminal Procedure Law,

IT IS HEREBY ORDERED that the above-name defendant observe the following conditions of behavior:
[Check applicable paragraph and subparagraphs]:

[01] ☐ Stay away from    [A] ☐ [name(s) of protected person(s) or witness(es)]: ___    and/or from the
     [B] ☐ home of ___    [C] ☐ school of ___
     [D] ☐ business of ___    [E] ☐ place of employment of ___
[F] ☐ other ___ SEE 100 YARD PROVISION BELOW ___
Do not go within 100 yards of the above name person(s). You will be in violation of this order even if you are invited back into the home. No third party contact.
☐ except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody, visitation or child abuse or neglect proceeding.

[14] ☐ Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail, or other electronic or any other means with [specify protected person(s)]: ___
☐ except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody, visitation or child abuse or neglect proceeding.

[02] ☒ Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, or any criminal offense against [specify name(s) of protected person(s), members of protected person's family or household, or person(s) with custody of child(ren)]: VEERASAWMY THAMASHWAR

[15] ☐ Refrain from intentionally injuring or killing without justification the following companion animal(s) (pet(s)) [specify type(s)] ___ and , if available, name(s)]: ___

[11] ☐ Permit [specify individual]: ___ to enter the residence at [specify]: ___ during [specify date/time]: ___ with [specify law enforcement agency, if any]: ___ to remove personal belongings not in issue in-litigation [specify items]: ___

[04] ☐ Refrain from [indicate acts]: ___ that creates an unreasonable risk to the health, safety, or welfare of [specify child(ren), family or household member]: ___

[05] ☐ Permit [specify individual(s)]: ___ entitled by a court order or separation or other written agreement, to visit with [specify child(ren)]: ___ during the following periods of time [specify]: ___, under the following terms and conditions [specify]: ___

[12] ☒ Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following ALL FIREARMS ___ and do not obtain any further guns or other firearms  Such surrender shall take place immediately but in no event later than [specify date/time]: ___
at: ___
Promptly return or transfer the following identification documents [specify]: ___ to the party protected by this Order NOT LATER THAN [specify date]: ___ in the following manner [specify manner or mode of return or transfer]: ___
[Check box(es) if applicable]: Such documents shall be made available for use as evidence in this judicial proceeding. [Jointly owned documents or documents in both parties' names only]: the following document(s) may be used as necessary for legitimate use by the defendant [specify]: ___

[99] ☐ Specify other conditions defendant must observe for the purposes of protection : ___

IT IS FURTHER ORDERED that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law section 400.00, is hereby [13A] ☒ suspended or ☒ [13B] revoked (note: final order only), and/or [13C] ☒ Defendant shall remain ineligible to receive a firearm license during the period of this order. (Check all applicable boxes). 3/23/2021
IT IS FURTHER ORDERED that this order of protection shall remain in force until and including [specify date]: ___
If this is a Temporary Order, it shall expire on this date or upon the case's disposition, whichever comes first. Arresting Officer should confirm that this Order has

EXHIBIT A - 000015

ORI No.: NY040033J
Order No.:
NYSID No.: 1Z190972H
CJTN No.:

At a term of the CRIMINAL Court of Queens
at the Courthouse at Kew Gardens, State of New York

**ORDER OF PROTECTION**
Family Offense-C.P.L. 530.12

PRESENT: Hon. M. T. Gonzalez

PEOPLE OF THE STATE OF NEW YORK

☐ Youthful Offender (check if applicable)
Part: AP2   Index/Docket No.: CR-01/347-75GN
Indictment No., if any:
Charges: PL 260
(check one) ☐ Ex parte   ☒ Defendant Present in Court

-against-

VEMITA VEERASAWMY, Defendant
Date of Birth: 08/21/1984

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.

THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER.

☒ TEMPORARY ORDER OF PROTECTION - Whereas good cause has been shown for the issuance of a temporary order of protection [as a condition of ☒ recognizance ☐ release on bail ☐ adjournment in contemplation of dismissal]: _____
☐ ORDER OF PROTECTION - Whereas defendant has been convicted of [specify crime or violation]: _____
And the Court having made a determination in accordance with section 530.12 of the Criminal Procedure Law,

IT IS HEREBY ORDERED that the above-name defendant observe the following conditions of behavior:
[Check applicable paragraph and subparagraphs]:
and/or from the

[01] ☐ Stay away from  [A] ☐ [name(s) of protected person(s) or witness(es)]: _____
 [B] ☐ home of _____ [C] ☐ school of _____
 [D] ☐ business of _____ [E] ☐ place of employment of _____
[F] ☐ other_____ SEE 100 YARD PROVISION BELOW
Do not go within 100 yards of the above name person(s). You will be in violation of this order even if you are invited back into the home. No third party contact.
☐ except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody, visitation or child abuse or neglect proceeding.

[14] ☐ Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail, or other electronic or any other means with [specify protected person(s)]: _____
☐ except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody, visitation or child abuse or neglect proceeding.

[02] ☒ Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, or any criminal offense against [specify name(s) of protected person(s), members of protected person's family or household, or person(s) with custody of child(ren)]: VEERASAWMY AIDEN

[15] ☐ Refrain from intentionally injuring or killing without justification the following companion animal(s) (pet(s)) [specify type(s) _____ and , if available, name(s)]: _____

[11] ☐ Permit [specify individual]: _____ to enter the residence at [specify]: _____ during [specify date/time]: _____ with [specify law enforcement agency, if any]: _____ to remove personal belongings not in issue in litigation [specify items]: _____ that creates an unreasonable

[04] ☐ Refrain from [indicate acts]: _____
risk to the health, safety, or welfare of [specify child(ren), family or household member]: _____

[05] ☐ Permit [specify individual(s)]: _____ entitled by a court order or separation or other written agreement, to visit with [specify child(ren)]: _____ during the following periods of time [specify]: _____, under the following terms and conditions [specify]: _____

[12] ☒ Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following ALL FIREARMS and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but in no event later than [specify date/time]: _____
at: _____
Promptly return or transfer the following identification documents [specify]: _____ to the party protected by this Order NOT LATER THAN [specify date]: _____
in the following manner [specify manner or mode of return or transfer]: _____
[Check box(es) if applicable]: Such documents shall be made available for use as evidence in this judicial proceeding.
[Jointly owned documents or documents in both parties' names only]: the following document(s) may be used as necessary for legitimate use by the defendant [specify]: _____

[99] Specify other conditions defendant must observe for the purposes of protection: _____

IT IS FURTHER ORDERED that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any pursuant to Penal Law section 400.00, is hereby ☒ [13A] Suspended or ☒ [13B] revoked (note: final order only), and/or [13C] ☒ the Defendant shall remain ineligible to receive a firearm license during the period of this order. (Check all applicable boxes).
IT IS FURTHER ORDERED that this order of protection shall remain in force until and including [specify date]: 3-23-20
If this is a Temporary Order, it shall expire on this date or upon the case's disposition, whichever comes first. Arresting Officer should confirm that this Order has

EXHIBIT A - 000016

# VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU  )

VEMITA VEERASAWMY, being duly sworn, deposes and says:

I am one of the plaintiffs in the within action and have read the foregoing **COMPLAINT** and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, I believe them to be true.

_____
VEMITA VEERASAWMY

Sworn to before me this
15th day of January, 2026

_____
Notary Public

LLOYD J. NADEL
Notary Public, State of New York
No. 30-4715447
Qualified in Nassau County
Commission Expires March 30, 2026

EXHIBIT A - 000017